IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES WISHARD,<br>Individually and on behalf of all others<br>similarly situated<br><br>*Plaintiff*,<br><br>v.<br><br>GB PREMIUM OCTG SERVICES LLC F/K/A<br>GB CONSULTANTS INTERNATIONAL,<br>(GULF COAST), LP<br><br>*Defendant* | § § § § § § § § § § § § § § | Civil Action No. _____<br><br>JURY TRIAL DEMANDED<br><br><br><br>COLLECTIVE ACTION<br>PURSUANT TO 29 U.S.C. § 216(b) |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

James Wishard brings this action individually and on behalf of all current and former Thread Representatives (hereinafter "Plaintiff and the Putative Class Members") who worked for Defendant GB Premium OCTG Services LLC f/k/a GB Consultants International, (Gulf Coast), LP (hereinafter "GB Consultants"), during the past three years, to recover compensation, liquidated damages, attorneys' fees, and costs, pursuant to the provisions of Section 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b).

### I.
### OVERVIEW

1.1 This is a collective action to recover overtime wages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.*

1.2 Plaintiff and the Putative Class Members are current and former Thread Representatives who worked for GB Consultants within the last three years and were paid hourly for all work completed in the field or offshore but no overtime.

1.3 During this time, Plaintiff and the Putative Class Members were misclassified as independent contractors.

1.4     Plaintiff and the Putative Class Members routinely work (and worked) in excess of forty (40) hours per workweek.

1.5     Plaintiff and the Putative Class Members were not paid overtime for hours worked in excess of forty (40) hours per workweek.

1.6     The decision by GB Consultants not to pay overtime compensation to Plaintiff and the Putative Class Members was neither reasonable nor in good faith.

1.7     GB Consultants knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members overtime for all hours worked in excess of forty (40) hours per workweek.

1.8     Plaintiff and the Putative Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA.[1] Specifically, Plaintiff and the Putative Class Members performed routine technical and manual labor type job duties in the oilfield and offshore in the Gulf of Mexico.

1.9     Plaintiff and the Putative Class Members therefore seek to recover all unpaid overtime and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

1.10    Plaintiff also prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.
## THE PARTIES

2.1     Plaintiff James Wishard ("Wishard") worked for GB Consultants within the meaning of the FLSA within this judicial district within the relevant three-year period. Plaintiff Wishard did not

---

[1] All exemptions are to be narrowly construed and the burden of proof to establish them lies with the employer. *Vela v. City of Houston*, 276 F.3d 659, 666 (5th Cir. 2001).

properly receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.[2]

2.2     The Putative Class Members are those current and former Thread Representatives who work (or worked) for GB Consultants and have been subjected to the same illegal pay system under which Plaintiff worked and was paid.

2.3     GB Premium OCTG Services LLC f/k/a GB Consultants International, (Gulf Coast), LP ("GB Consultants") is a foreign limited liability company doing business in the State of Texas and may be served through its registered agent for service, C T Corporation, 2929 Allen Parkway, Suite 300, Houston, Texas 77024.

## III.
## JURISDICTION & VENUE

3.1     This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. § 201 *et. seq.*

3.2     This Court has personal jurisdiction over GB Consultants because the cause of action arose within this District as a result of GB Consultants' conduct within this District.

3.3     Venue is proper in the Southern District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

3.4     Specifically, GB Consultants is headquartered in Houston, Harris County, Texas, which is located in this District and Division.

3.5     Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

---

[2] The written consent of James Wishard is attached hereto as Exhibit "A."

# IV.
# FLSA COVERAGE

4.1     At all times hereinafter mentioned, GB Consultants has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

4.2     At all times hereinafter mentioned, GB Consultants has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

4.3     At all times hereinafter mentioned, GB Consultants has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

4.4     During the respective periods of Plaintiff's and the Putative Class Members' employment by GB Consultants, these individuals provided services for GB Consultants that involved interstate commerce.

4.5     In performing the operations hereinabove described, Plaintiff and the Putative Class Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

4.6     Specifically, Plaintiff and the Putative Class Members are (or were) **_non-exempt_** employees of GB Consultants who were engaged in oilfield services that were directly essential to the production of goods for GB Consultants and related oil and gas exploration and production companies. 29 U.S.C. § 203(j).

4.7     At all times hereinafter mentioned, Plaintiff and the Putative Class Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

4.8     The proposed class of similarly situated employees, i.e. potential class members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined as "all Thread Representatives employed by GB Premium OCTG Services LLC f/k/a GB Consultants International (GULF COAST), LP, at any time during the last three years."

4.9     The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of GB Consultants.

# V.
# FACTS

5.1     Plaintiff Wishard worked for GB Consultants as a Thread Representative from approximately 2012 until January 2017.

5.2     Plaintiff Wishard was paid an hourly wage for all hours worked at a well site/drilling location in the field or offshore in the Gulf of Mexico, but did not receive time and a half for all hours worked in excess of forty (40) in a workweek.

5.3     Plaintiff and the Putative Class Members performed inspection and testing of threaded pipe, connectors, and torque measurements.

5.4     Plaintiff and the Putative Class Members' daily and weekly activities were routine and largely governed by standardized plans, procedures, and checklists created by GB Consultants and/or its clients. Virtually every job function was pre-determined by GB Consultants, including the tools to use at a job site, the schedule of work, and related work duties.

5.5     Plaintiff and the Putative Class Members were prohibited from varying their job duties outside of the predetermined parameters. Moreover, Plaintiff and the Putative Class Members' job

functions were primarily technical and manual labor in nature, requiring little to no official training, much less a college education or other advanced degree.

5.6 Indeed, Plaintiff and the Putative Class Members are blue-collar workers. They rely on their hands, physical skills, and energy to perform manual labor in the oilfield and offshore in the Gulf of Mexico.

5.7 GB Consultants determined the hours Plaintiff and the Putative Class Members worked.

5.8 GB Consultants set Plaintiff and the Putative Class Members' pay and controlled the number of hours they worked.

5.9 GB Consultants set all employment-related policies applicable to Plaintiff and the Putative Class Members.

5.10 GB Consultants maintained control over pricing and marketing. GB Consultants also chose equipment and product suppliers.

5.11 GB Consultants owned or controlled the equipment and supplies Plaintiff and the Putative Class Members used to perform their work.

5.12 GB Consultants had the power to hire and fire Plaintiff and the Putative Class Members.

5.13 GB Consultants made all personnel and payroll decisions with respect to Plaintiff and the Putative Class Members, including but not limited to, the decision to pay Plaintiff and the Putative Class Members hourly with no overtime pay.

5.14 GB Consultants reimbursed Plaintiff and the Putative Class Members for expenses and bought or provided tools and equipment Plaintiff and the Putative Class Members used.

5.15 Plaintiff and the Putative Class Members did not employ their own workers.

5.16    Plaintiff and the Putative Class Members worked continuously for GB Consultants on a permanent full-time basis.

5.17    GB Consultants, instead of Plaintiff and the Putative Class Members, made the large capital investments in vehicles, buildings, equipment, tools, and supplies. Moreover, GB Consultants paid operating expenses like rent, payroll, marketing, insurance, and bills.

5.18    Plaintiff and the Putative Class Members relied on GB Consultants for their work. Plaintiff and the Putative Class Members did not market any business or services of their own. Instead, Plaintiff and the Putative Class Members worked the hours assigned by GB Consultants, performed duties assigned by GB Consultants, worked on projects assigned by GB Consultants, and worked for the benefit of GB Consultants' customers.

5.19    GB Consultants paid Plaintiff and the Potential Class Members on a bi-weekly basis. Plaintiff and the Putative Class Members did not earn a profit based on any business investment of their own. Rather, Plaintiff and the Putative Class Members' only earning opportunity was based on the number of hours they were allowed to work, which was controlled by GB Consultants.

5.20    GB Consultants improperly classified Plaintiff and the Potential Class Members as independent contractors. The classification was improper because Plaintiff and the Putative Class Members were not in business for themselves. Instead, they were economically dependent upon GB Consultants for their work.

5.21    Moreover, Plaintiff and the Putative Class Members were not required to have an advanced degree to work for GB Consultants. In fact, GB Consultants regularly hired (and continues to hire) employees with only a high school diploma (or less).

5.22    Plaintiff and the Putative Class Members' duties did not (and currently do not) include managerial responsibilities or the exercise of independent discretion or judgment.

5.23     Plaintiff and the Potential Class Members did not (and currently do not) have the authority to hire or fire other employees, and they were not (and currently are not) responsible for making hiring or firing recommendations.

5.24     Moreover, Plaintiff and the Putative Class Members did not (and currently do not) supervise two or more employees.

5.25     Plaintiff and the Putative Class Members worked (and continue to work) long hours. Specifically, GB Consultants regularly scheduled Plaintiff and the Putative Class Members for a minimum of twelve (12) hours per day and they regularly worked a minimum of 84 hours per week.

5.26     GB Consultants did not pay any overtime at all for work in excess of forty (40) hours per week.

5.27     Because GB Consultants did not pay its workers time and a half for all hours worked in excess of forty (40) in a workweek, their pay policies and practices violated (and continue to violate) the FLSA.

# VI.
# CAUSES OF ACTION

**A.     FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT**

6.1     GB Consultants violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for their employment in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

6.2     Moreover, GB Consultants knowingly, willfully and in reckless disregard carried out their illegal pattern of failing to pay Plaintiff and other similarly situated employees overtime compensation. 29 U.S.C. § 255(a).

6.3     GB Consultants knew or should have known their pay practices were in violation of the FLSA.

6.4     GB Consultants is a sophisticated party and employer, and therefore knew (or should have known) its policies were in violation of the FLSA.

6.5     Plaintiff and the Putative Class Members, on the other hand, are (and were) unsophisticated laborers who trusted GB Consultants to pay according to the law.

6.6     The decision and practice by GB Consultants to not pay overtime was neither reasonable nor in good faith.

6.7     Accordingly, Plaintiff and the Potential Class Members are entitled to overtime wages for all hours worked pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

**B.     COLLECTIVE ACTION ALLEGATIONS**

6.8     Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all those who are (or were) similarly situated to Plaintiff.

6.9     Other similarly situated employees have been victimized by GB Consultants' patterns, practices, and policies, which are in willful violation of the FLSA.

6.10    The Putative Class Members are "all Thread Representatives employed by GB Premium OCTG Services LLC f/k/a GB Consultants International (GULF COAST), LP, at any time during the last three years."

6.11    GB Consultants' failure to pay wages for all hours worked and overtime compensation at the rates required by the FLSA results from generally applicable policies and practices, and does not depend on the personal circumstances of the Putative Class Members.

6.12    Thus, Plaintiff's experiences are typical of the experiences of the Putative Class Members.

6.13 The specific job titles or precise job requirements of the various Putative Class Members does not prevent collective treatment.

6.14 All of the Putative Class Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek.

6.15 Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts. Indeed, the Putative Class Members are blue-collar oilfield workers entitled to overtime after forty (40) hours in a week.

6.16 GB Consultants employed a substantial number of Thread Representatives during the past three years. Upon information and belief, these workers are geographically dispersed, residing and working in states across the United States. Because these workers do not have fixed work locations, they may work in different states across the United States in the course of a given year.

6.17 Absent a collective action, many members of the proposed FLSA class likely will not obtain redress of their injuries and GB Consultants will retain the proceeds of its rampant violations.

6.18 Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

6.19 Accordingly, the class of similarly situated plaintiffs is defined as:

**ALL THREAD REPRESENTATIVES EMPLOYED BY GB PREMIUM OCTG SERVICES LLC F/K/A GB CONSULTANTS INTERNATIONAL (GULF COAST), LP, AT ANY TIME DURING THE LAST THREE YEARS**

# VII.
# RELIEF SOUGHT

7.1 Plaintiff respectfully prays for judgment against GB Consultants as follows:

    a. For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA and requiring GB Consultants to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

    b. For an Order approving the form and content of a notice to be sent to all potential collective action members advising them of the pendency of this litigation and of their rights with respect thereto;

    c. For an Order awarding Plaintiff (and those who have joined in the suit) back wages that have been improperly withheld;

    d. For an Order pursuant to Section 16(b) of the FLSA finding GB Consultants liable for unpaid back wages due to Plaintiff (and those who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who have joined in the suit);

    e. For an Order awarding Plaintiff (and those who have joined in the suit) the costs of this action;

    f. For an Order awarding Plaintiff (and those who have joined in the suit) attorneys' fees;

    g. For an Order awarding Plaintiff (and those who have joined in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

    h. For an Order awarding Plaintiff a service award as permitted by law;

    i. For an Order compelling the accounting of the books and records of GB Consultants; and

j.  For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: /s/ *Clif Alexander*
**Clif Alexander**
Federal I.D. No. 1138436
Texas Bar No. 24064805
clif@a2xlaw.com
**Austin W. Anderson**
Federal I.D. No. 777114
Texas Bar No. 24045189
austin@a2xlaw.com
**Lauren E. Braddy**
Federal I.D. No. 1122168
Texas Bar No. 24071993
lauren@a2xlaw.com
**ANDERSON2X, PLLC**
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

**ATTORNEYS IN CHARGE FOR PLAINTIFF AND PUTATIVE CLASS MEMBERS**